ACCEPTED
07-14-00137-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/12/2015 8:45:47 PM
Vivian Long, Clerk

07-14-00137-CV
07-14-00147-CV

IN THE SEVENTH COURT OF APPEALS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
1/12/2015 8:45:47 PM
VIVIAN LONG
CLERK

COLLEGE STATION TERRACE PINES APARMENTS,

*Appellant,*

V.

DANNY LAIRD,

*Appellee.*

APPELLEE DANNY LAIRD'S BRIEF

JOSHUA J. BENN
COUNSEL FOR APPELLEE DANNY LAIRD
STATE BAR NO. 24006830
161 NORTH EARL RUDDER FREEWAY
BRYAN, TEXAS 77802
PHONE: (979) 393-0345
FAX: (800) 378-3043

Appellee's Brief  1

# TABLE OF CONTENTS

1.  Identity of Parties and Counsel

2.  Index of Authorities

3.  Statement of the Case

4.  Glossary

5.  Issues Presented for Review

6.  Statement of Facts

7.  Summary of Argument

8.  Argument

9.  Conclusion and Prayer

10. Certificate of Compliance

11. Certificate of Service

12. Appendix

## 1. INDENTITY OF PARTIES AND COUNSEL

| 1. | Plaintiff-Appellant | College Station Terrace Pines Apartments |
|---|---|---|
| 2. | Counsel for Appellant on Appeal | Leif A. Olson<br>Texas Bar No. 24032801<br>leif@olsonappeals.com<br>PMB 188<br>4830 Wilson Road, Suite 300<br>Humble, Texas 77396<br>(281) 849-8382 |

| 3. | Counsel for Appellant at Trial | Kevin Fulton |
| | | Texas Bar No. 24059787 |
| | | kfulton@fultonlawoffice.com |
| | | 2500 E. T.C. Jester, Suite 101 |
| | | Houston, Texas 77008 |
| | | (281) 817-5464 |
| 4. | Defendant-Appellee | Danny Laird |
| 5. | Counsel for Appellee at Trial and on Appeal | Joshua J. Benn |
| | | Texas Bar No. 24006830 |
| | | josh@mytexaslawyer.net |
| | | PO Box 11305 |
| | | College Station, Texas 77842 |
| | | (979) 393-0345 |

## 2. INDEX OF AUTHORITIES

**Cases**

*Newhouse v. Settegast Heights Village Apartments*, 717 S.W. 2d 131 (Tex.App-Houston [14th Dist.] 1986)

*Duran v. Housing Authority of Denver*, 761 P.2d 180, 186 (Colo. 1988)

*Sims v. Century Kiest Apartments*, 567 S.W.2d 526 (Tex.App-Dallas 1978)

*Corpus Christi Housing Authority v. Lara*, 267 S.W.3d 222 (Tex.App.-Corpus Christi 2008)

*Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)

*City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005).

**Statutes**

Tex. Prop. Code Sec. 92.331

## 3. STATEMENT OF THE CASE

| Nature of the Case | Eviction proceedings by the Appellant; Appellee raised the affirmative defenses of estoppel, laches, waiver and retaliation. |

Appellee's Brief 3

| | |
|---|---|
| Trial Court | In a trial de novo from the justice court, the Brazos County Court at Law No. One awarded possession of the premises, damages in the amount of $1,030.00, court costs, attorney fees of $1,250.00 to Appellee and that Appellant execute a new lease with Appellee in both cases. |

## 4. GLOSSARY

| This term: | Refers to: |
|---|---|
| 95CR x | Clerk's record for Cause No. 4995-B at page x |
| 99CR x | Clerk's record for Cause No. 4999-B at page x |
| RR x | Reporter's record at page x |
| DX x | Defendant's exhibit x |
| PX x | Plaintiff's exhibit x |

## 5. ISSUE PRESENTED FOR REVIEW

Was Danny Laird entitled to retain possession of his apartment following the wrongful and retaliatory eviction actions of Appellant?

## 6. STATEMENT OF FACTS

Danny Laird (Laird), an indigent and disabled individual, resided peacefully at Appellant Terrace Pines Apartments for over seven years with the assistance of a Housing Voucher from the Department of Housing and Urban Development (HUD). *See* RR 100:10-14. In the agreement between Appellant on behalf Laird and the Brazos Valley Council of Governments (BVCOG), Laird paid $259.00 and was to begin on June 1, 2013 paying $271.00 of the rent and the BVCOG pays the remainder of the $530.00. *See* Dx 2 at p. 13. Many of Appellant's tenants are elderly and/or disabled. *See* RR

Appellee's Brief 4

71:8-15. Unfortunately, new management took over the apartment complex and a both a pattern of bullying, harassment, public disclosure of personal information, retaliation against and theft from tenants and lack of maintenance began. *See* RR 60:24-62:10, 68:25-69:14, 74:7-23, 77:1-17, 84:19-85:1, 113:3-25. For example, it took over two months for Appellant to fix a broken toilet in Danny Laird's apartment. *See* RR 34:19-21, 103:8-104:25. That fault put Laird's apartment out of compliance with HUD standards and threatened to cause him to lose the voucher if not repaired.

Laird began to fight for his rights and the rights of his neighbors. *See* RR 67:8-68:9, 83:11-84:9, 114:6-12. As a result, he was given notice on May 6, 2013 that his lease was being terminated on July 6, 2014. *See* RR 53:19-22, Px 3. However, it wasn't until May 15, 2013 that he was given any notice that he had allegedly committed any lease violations as would be required to not renew his lease as required by HUD. *See* RR 145:4-20. May 15, 2013 was after he had written letter to Appellant, with a copy to governmental agencies, complaining of conditions at the apartment complex. *See* RR 147:1-18, Dx 7. This is important because the Lease Contract Addendum states that "a property owner may not evict a resident or terminate a tenancy except for good cause" and a "court may determine if a property owner has good cause to evict, terminate a tenancy or not renew the Lease Contract." *See* RR 144:13-25, Px 1. All three alleged lease violations were given after the notice to vacate was given to Laird. *See* RR 55:1-2, 130:3-24. Laird was also wrongfully accused of changing the lock on his apartment although he did not do so. *See* RR 105:11-106:14, 108:2-25, 109:18-21. Thus, his housing voucher was not renewed by the Brazos Valley Council of Governments

Appellee's Brief 5

(BVCOG) because of the non-working toilet and the failure of Appellant to execute a renewal of the lease. However, BVCOG on June 14, 2013 notified Laird that it would reinstate his voucher and resume payments to Appellant as soon as Appellant executed a new lease. *See* RR 104:10-25, 122:1-5, Dx 2. BVCOG is the local agency responsible for administering the HUD housing voucher program in Brazos County.

Despite the nonrenewal of his housing voucher as a result of Appellant's breach of and wrongful termination of the lease, Laird continued to try to pay rent to Appellant, and the rent was either accepted or refused by Appellant. *See* RR 116:5-20, 146:1-25. Appellant filed for eviction of Laird on July 11, 2013 based upon its notice to vacate of May 6, 2013 for holding over. 95CR 38. After the rent was refused by Appellant, Laird began paying the rent into the registry of the court per the revised order of the Justice of the Peace. *See* RR 117:1-120:14, Dx at p. 5. Despite Laird's attempted tender of rent, he was given a second notice to vacate on September 13, 2013, the exact same day he met with a state inspector and provided information concerning the maintenance and management problems with Appellant. *See* RR 88:11-90:2. Appellant again filed for eviction. 99CR 18.

On appeal Brazos County Court at Law No. 2 consolidated the two proceedings for a bench trial. In both cases, it awarded possession of the premises, damages in the amount of $1,030.00, court costs, attorney fees of $1,250.00 to Laird and that Appellant execute a new lease with Appellee.

The court found :

Appellee's Brief 6

1. Laird sent letters to Appellant and Brazos Valley Council of Governments dated May 10, 2013 and May 17, 2013 regarding ongoing issues with maintenance and management at Terrace Pines Apartments.

2. Laird's apartment did not pass inspection for HUD quality standards until June 6, 2013.

3. Notice to vacate by Appellant was given to Laird on May 6, 2013 by posting notice on the exterior of the main entrance door of the premises.

4. The eviction complaint filed by Appellant states that notice was posted by "affixing the notice to the inside of the main entry door of the premises."

5. The Appellant testified that several current and former tenants could testify regarding Laird's behavior that is complained about in the Notice for Lease Violation dated May 15, 2013. The testimony of the current and former tenants contradicted Appellant's testimony.

6. Laird did not change the lock on the apartment door.

7. Laird never denied entry into his apartment.

8. Laird ... is seen as a problem to management because he speaks up for his rights and assists other tenants in speaking up for his or her rights.

9. All of the current tenants who testified were in fear of retaliation by Appellant.

10. Laird was not given proper notice to vacate.

11. Good cause did not exist for nonrenewal of the lease or for the eviction.

12. Laird was subject to retaliation under Section 92.331 of the Texas Property Code.

Appellee's Brief  7

## 7. SUMMARY OF ARGUMENT

There are two issues in this case. First, who is entitled to possession of the premises? Pursuant to the terms of their contract, in order to evict Laird, Appellant has the burden to prove it had good cause to not renew Laird's lease. As the trial court found, Appellant did not meet that burden. Second, was the eviction action retaliatory by Appellant? The evidence shows that it was. The County Court at Law's Judgments should be affirmed.

## 8. ARGUMENT

**Standard of Review:**

Appellant, as the plaintiff, had the burden of proof. When the party that had the burden of proof at trial complains of the legal insufficiency of an adverse finding, that party must demonstrate that the evidence establishes conclusively, i.e., as a matter of law, all vital facts in support of the finding sought. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing the adverse findings for the legal sufficiency of the evidence, the Court must consider all of the evidence in the light most favorable to the prevailing party .... *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex. 2005). Thus, because this was a bench trial, we must credit favorable evidence Laird if a reasonable factfinder could, and disregard evidence contrary to the factfinder's findings. Moreover, we must not substitute our opinion on witness credibility for that of the factfinder. *See id.* at 816-17. When the party complaining of the factual sufficiency of the evidence had the burden of proof at trial, it must demonstrate that the adverse finding is contrary to the great weight and preponderance of the evidence. The Court must weigh all the evidence,

Appellee's Brief 8

and can set aside the adverse finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

**Possession:**

All parties agree that Appellant had to have good cause to refuse to renew the lease or evict Laird. *See Newhouse v. Settegast Heights Village Apartments*, 717 S.W. 2d 131 (Tex.App-Houston [14th Dist.] 1986). Despite numerous incorrect allegations in the trial court, on appeal the Appellant relies on only one argument in support of its allegation that it had good cause to evict Laird; simply that he did not pay his rent. However, he was given notice on May 6, 2013 that his lease was being terminated on July 6, 2014. This was before any allegation of delinquency in rent. Further, Laird continued to try to pay rent to Appellant, and the rent was either accepted or refused by Appellant. Such acceptance of the rent payment for July when the lease had already been terminated by Appellant and refusal thereafter to accept further payments from Laird constitutes waiver and is not a legal basis for eviction. An act of a landlord which is frequently relied upon to establish waiver is the acceptance of rent subsequent to knowledge of the breach of the lease by the lessor. A waiver can also bar a lessor from claiming the benefit of a previously given notice of termination. *See Duran v. Housing Authority of Denver*, 761 P.2d 180, 186 (Colo. 1988). After the rent was refused by Appellant, Laird began paying the rent into the registry of the court per the revised order of the Justice of the Peace which is all he was required to do. *See Sims v. Century Kiest Apartments*, 567 S.W.2d 526 (Tex.App-Dallas 1978). Laird tendered rent, was excused

from paying rent by order of the Justice of the Peace Court or paid rent into the registry of the Court at all times.

In addition, Laird is entitled to possession because Appellant failed to deliver proper notice to vacate as required by the Lease Contract Addendum. Such addendum requires the property owner to provide a resident with at least 30 days written notice before seeking an eviction. Px 1 at page 13. No such notice was given. Appellant waived its argument now made in its brief by not requesting an abatement to give proper notice in the trial court. *See Corpus Christi Housing Authority v. Lara*, 267 S.W.3d 222 (Tex.App.-Corpus Christi 2008).

**Retaliation:**

All parties agree that landlords aren't allowed to retaliate against tenants for in good faith exercising against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute, giving a landlord a notice to repair or exercise a remedy, or for reporting property problems to the proper authorities. Tex. Prop. Code Sec. 92.331. Despite Appellant's fixation on toilet repairs, there was other evidence submitted at trial that Laird on numerous occasions requested repairs to the swimming pool, light poles, gates, his toilet and flooding prior to the eviction proceedings. RR 112:23-25, 113:4-25, 114:1-11, Dx 7. Appellant incorrectly assumes that the action prohibited by Sec. 92.331 is the notice to vacate, however the statute is clear that the activity not allowed is the filing of the actual eviction proceeding. Further, Laird was not delinquent in rent when the first notice was given and, despite the fact he tendered rent and it was refused, was excused by the Justice of the Peace Court from

Appellee's Brief 10

paying rent pending the outcome of the appeal. RR 110:21-23, Dx at p. 5. In the alternative, the evidence was sufficient to support the trial court's finding that Appellant filed its eviction actions in retaliation for Laird's repair requests and reports and complaints to governmental agencies and not for any other reason.

## 9. CONCLUSION AND PRAYER

Appellee Danny Laird requests the Court affirm the judgments of the trial court and deny the requests of the Appellant, award attorney fees and costs of court to Appellee and grant any such other relief to which Appellee may be entitled in law or equity.

Respectfully submitted,

THE BENN LAW GROUP

Joshua J. Benn
PO Box 11305
College Station, Texas 77842
Tel: (979) 393-0345
Fax: (800) 378-3043
State Bar No. 24006830
josh@mytexaslawyer.net
*Counsel for Appellee*

## 10. CERTIFICATE OF COMPLIANCE

I certify that this brief was prepared with Microsoft Word and that, according to that program's word count function, the sections covered by Texas Rule of Appellate Procedure 9.4(i)(1) contain 2,520 words. With counsel for Appellant regarding this motion and that Appellant is not opposed to this motion.

Joshua J. Benn

Appellee's Brief 11

## 11. CERTIFICATE OF SERVICE

I certify that on January 12, 2015, I served this brief upon counsel for Appellant by electronic filing:

Leif A. Olson
Texas Bar No. 24032801
leif@olsonappeals.com
PMB 188
4830 Wilson Road, Suite 300
Humble, Texas 77396

Joshua J. Benn

07-14-00137-CV
07-14-00147-CV

# IN THE SEVENTH COURT OF APPEALS
## AMARILLO, TEXAS

COLLEGE STATION TERRACE PINES APARMENTS,

*Appellant,*

V.

DANNY LAIRD,

*Appellee.*

APPENDIX OF APPELLEE DANNY LAIRD'S BRIEF

JOSHUA J. BENN
COUNSEL FOR APPELLEE DANNY LAIRD
STATE BAR NO. 24006830
161 NORTH EARL RUDDER FREEWAY
BRYAN, TEXAS 77802
PHONE: (979) 393-0345
FAX: (800) 378-3043

## 12. Appendix Contents

Final Judgment in Cause No. 4995-B

Final Judgment in Cause No. 4999-B

Findings of Fact and Conclusions of Law in Cause No. 4995-B

Findings of Fact and Conclusions of Law in Cause No. 4999-B

Texas Property Code Section 92.331

NO. 4995-B

| DANNY LAIRD | § | IN THE COUNTY COURT |
| APPELLANT | § | |
| | § | |
| V. | § | AT LAW NO. ONE |
| | § | |
| COLLEGE STATION TERRACE | § | |
| PINES APARTMENTS | § | |
| APPELLEE | § | BRAZOS COUNTY, TEXAS |

## JUDGMENT

On December 13, 2014, the Court heard the Appeal brought by DANNY LAIRD against

COLLEGE STATION TERRACE PINES APARTMENTS from the judgment on the Petition

for Forcible Detainer.

1.    Appellant DANNY LAIRD appeared in person and by attorney.

2.    Appellee COLLEGE STATION TERRACE PINES APARTMENTS appeared in person

and by attorney.

3.    The hearing is on the appeal brought by DANNY LAIRD, against whom judgment was

rendered in causes styled:

### NO. 3013-40157E

| COLLEGE STATION TERRACE | § | JUSTICE OF THE PEACE |
| PINES APARTMENTS | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | PRECINCT NO. ONE |
| | § | |
| DANNY LAIRD | § | |
| DEFENDANT | § | BRAZOS COUNTY, TEXAS |

4.    Judgment was rendered on July 31, 2013, following the trial of a Petition for Forcible

Detainer filed by COLLEGE STATION TERRACE PINES APARTMENTS against DANNY

47

LAIRD, Defendant.

5. The court found that the petition was good and judgment was granted in favor of Plaintiff, granting judgment for possession, costs and damages; together with the granting of an order of possession.

6. The Court determined that it had proper jurisdiction over the cause and that venue was proper.

7. The court found that this was a suit for forcible detainer relating to leased premises at 819 Krenek Tap#1803, College Station, Texas 77840 and a lease agreement entered into by the parties on June 1, 2012.

8. A jury was not requested, and the Court decided all fact questions. The Court then proceeded to a trial de novo on the issues presented.

9. After hearing the evidence and arguments, the Court is of the opinion that the appeal is good and should be granted.

10. IT IS ORDERED AND ADJUDGED that the petition is denied and DANNY LAIRD shall retain possession of the premises.

11. IT IS FURTHER ORDERED AND ADJUDGED that on the claim of retaliation under Section 92.331 of the Texas Property Code, the Court finds in favor of Appellant, Danny Laird, and against Appellee, College Station Terrace Pines Apartments, in the amount of $1,030.00.

12. IT IS FURTHER ORDERED AND ADJUDGED that Appellant, Danny Laird is entitled to postjudgment interest on the total amount of the judgment at the rate of 5.25% per annum from the date this judgment is signed until paid.

13. IT IS FURTHER ORDERED AND ADJUDGED that Appellant, Danny Laird is entitled to the sum of $1250.00, as attorney's fees, to bear interest at the rate of 5.25% per annum from

the date this judgment is signed until paid.

14. IT IS FURTHER ORDERED that Appellee, College Station Terrace Pines Apartments, shall execute a new lease, and any appurtenant agreements with third parties thereto, from June 1, 2013 until May 31, 2014 with Appellant Danny Laird under the same terms as that certain lease dated June 1, 2012 between the parties and entered into evidence in this cause; save and except any terms required to be changed by the Texas Department of Housing and Community Affairs.

15. IT IS FURTHER ORDERED that Costs are hereby taxed against Appellee, College Station Terrace Pines Apartments.

16. It is FURTHE ORDERED, ADJUDGED, AND DECREED that all funds held in the registry of this Court be paid to Appellant, Danny Laird, and shall be a credit against any monetary judgment granted herein against Appellee, College Station Terrace Pines Apartments.

16. IT IS ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

This Judgment finally disposes of all parties and all claims

Date Signed: December 30 , 2013.

_____
Judge Presiding

4812-2584-2455, v. 1

NO. 4999-B

Received

FILED

DEC 23 ? 1:49

| | | |
|---|---|---|
| DANNY LAIRD<br>APPELLANT | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. ONE |
| | § | |
| COLLEGE STATION TERRACE<br>PINES APARTMENTS<br>APPELLEE | §<br>§<br>§ | BRAZOS COUNTY, TEXAS |

## JUDGMENT

On December 13, 2014, the Court heard the Appeal brought by DANNY LAIRD against COLLEGE STATION TERRACE PINES APARTMENTS from the judgment on the Petition for Forcible Detainer.

1.    Appellant DANNY LAIRD appeared in person and by attorney.

2.    Appellee COLLEGE STATION TERRACE PINES APARTMENTS appeared in person and by attorney.

3.    The hearing is on the appeal brought by DANNY LAIRD, against whom judgment was rendered in causes styled:

### NO. 3013-40222L

| | | |
|---|---|---|
| COLLEGE STATION TERRACE<br>PINES APARTMENTS<br>PLAINTIFF | §<br>§<br>§ | JUSTICE OF THE PEACE |
| | § | |
| V. | § | PRECINCT NO. ONE |
| | § | |
| DANNY LAIRD<br>DEFENDANT | §<br>§ | BRAZOS COUNTY, TEXAS |

NO.

FILED FOR RECORD
AT       O'CLOCK   M
DATE
KAREN MCQUEEN
BRAZOS COUNTY CLERK
By

4.    Judgments were rendered on October 9, 2013, following the trial of a Petition for Forcible Detainer filed by COLLEGE STATION TERRACE PINES APARTMENTS against DANNY LAIRD, Defendant.

5. The court found that the petition was good and judgment was granted in favor of Plaintiff, granting judgment for possession, costs and damages, together with the granting of an order of possession.

6. The Court determined that it had proper jurisdiction over the cause and that venue was proper.

7. The court found that this was a suit for forcible detainer relating to leased premises at 819 Krenek Tap#1803, College Station, Texas 77840 and a lease agreement entered into by the parties on June 1, 2012.

8. A jury was not requested, and the Court decided all fact questions. The Court then proceeded to a trial de novo on the issues presented.

9. After hearing the evidence and arguments, the Court is of the opinion that the appeal is good and should be granted.

10. IT IS ORDERED AND ADJUDGED that the petition is denied and DANNY LAIRD shall retain possession of the premises.

11. IT IS FURTHER ORDERED AND ADJUDGED that on the claim of retaliation under Section 92.331 of the Texas Property Code, the Court finds in favor of Appellant, Danny Laird, and against Appellee, College Station Terrace Pines Apartments, in the amount of $1,030.00.

12. IT IS FURTHER ORDERED AND ADJUDGED that Appellant, Danny Laird is entitled to postjudgment interest on the total amount of the judgment at the rate of 5.25% per annum from the date this judgment is signed until paid.

13. IT IS FURTHER ORDERED AND ADJUDGED that Appellant, Danny Laird is entitled to the sum of $1250.00, as attorney's fees, to bear interest at the rate of 5.25% per annum from the date this judgment is signed until paid.

14.     IT IS FURTHER ORDERED that Appellee, College Station Terrace Pines Apartments, shall execute a new lease, and any appurtenant agreements with third parties thereto, from June 1, 2013 until May 31, 2014 with Appellant Danny Laird under the same terms as that certain lease dated June 1, 2012 between the parties and entered into evidence in this cause; save and except any terms required to be changed by the Texas Department of Housing and Community Affairs.

15.     IT IS FURTHER ORDERED that Costs are hereby taxed against Appellee, College Station Terrace Pines Apartments.

16.     It is FURTHE ORDERED, ADJUDGED, AND DECREED that all funds held in the registry of this Court be paid to Appellant, Danny Laird, and shall be a credit against any monetary judgment granted herein against Appellee, College Station Terrace Pines Apartments.

16,     IT IS ORDERED that any party in favor of whom judgment is awarded is entitled to enforce this judgment through abstract, execution and any other process necessary.

This judgment finally disposes of all parties and all claims

Date Signed: December __30__, 2013.

_____
Judge Presiding

4827-3539-1767, v. 1

FILED FOR RECORD
DATE 3-28-14
AT _____ O'CLOCK _____ M
KAREN MCQUEEN
BRAZOS COUNTY CLERK
By _____
IN THE COUNTY COURT

Cause No. 4995-B

COLLEGE STATION TERRACE       §
PINES APARTMENT       §
*Plaintiff*       §
      §
v.       §       AT LAW NO. 1
      §
DANNY LAIRD       §
*Defendant*       §       BRAZOS COUNTY, TEXAS

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On December 13, 2013, the Court signed a final judgment in favor of Defendant Danny Laird. The Court makes the following findings of fact and conclusions of law in response to the timely request of Plaintiff College Station Terrace Pine Apartments:

## FINDINGS OF FACT

1. College Station Terrace Pine Apartments is the owner of property located at 819 Krenek Tap, College Station, Texas 77840, Unit #1803.

2. Plaintiff and Defendant entered into a Lease Agreement for property located at 819 Krenek Tap, College Station, Texas 77840, Unit #1803 began June 1, 2012 and expired May 31, 2013.

3. Defendant is the sole occupant of Unit #1803.

4. Defendant receives government assistance for his rent payment through HUD Housing Assistance Program.

5. Brazos Valley Council of Governments is the local governmental agency that is responsible for implementing the HUD Housing Assistance Program for the Defendant.

6. The lease contained an addendum entitled *Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs*.

7. Paragraph 6 of the *Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs* states,

> "TERMINATION OR NON-RENEWAL OF LEASE CONTRACT FOR HOUSING TAX CREDIT AND HOME PROGRAM UNITS. For rental properties participating

63

in Housing Tax Credit program, IRS Revenue Ruling 2004-82 provides that a property owner may not evict a resident or terminate a tenancy except for good cause. For rental properties participating in the HOME program, federal regulation 24 CFR 92.253 provides that a property owner may not evict a resident or refuse to renew a Lease Contract except for good cause. In addition, under HOME program rules the property owner must provide a resident with at least 30 days written notice before either seeking an eviction or not renewing a Lease Contract. If challenged by resident, a court may determine if a property owner has good cause to evict, terminate a tenancy or not renew the Lease Contract. Some examples of good cause include serious or repeated Lease Contract violations or breaking the law. This paragraph shall apply only to residents living in a dwelling covered by either the Housing Tax Credit program or the HOME program. This paragraph also overrides any contrary provisions contained in paragraph 32 or 37 of the Lease Contract."

8. Paragraph 32 of the Lease states,

"Eviction. *If you default or holdover, we may end your right of occupancy by giving you a 24-hour written notice to vacate.* Notice may be by: (1) regular mail; (2) certified mail, return receipt requested; (3) personal delivery to any resident; (4) personal delivery at the apartment to any occupant over 16 years old; or (5) affixing the notice to the inside of the apartment's main entry door."

9. Defendant and Terrace Pines were notified on March 29, 2013 by Brazos Valley Council of Governments that Defendant's apartment did not meet the HUD Housing Quality Standards due to the toilet running continuously. Re-inspection was scheduled for April 17, 2013.

10. Defendant and Terrace Pines were notified on April 19, 2013 by Brazos Valley Council of Governments, that Defendant's apartment did not meet HUD Housing Quality Standards due to the toilet running continuously. Terrace Pines was given notification that federal funding would be withheld until the toilet was fixed and passed inspection.

11. Defendant and Terrace Pines were notified on April 30, 2013 by Brazos Valley Council of Governments, that Defendant's apartment did not meet HUD Housing Quality Standards due to the toilet running continuously.

12. Mr. Laird sent letters to Plaintiff and Brazos Valley Council of Governments dated May 10, 2013 and May 17, 2013 regarding ongoing issues with maintenance and management at Terrace Pines Apartments.

13. It was Terrace Pines' responsibility to fix the toilet in Mr. Laird's apartment.

14. Defendant's apartment did not pass inspection for HUD Housing Quality Standards until June 6, 2013.

15. Notice to vacate by Plaintiff was given to the Defendant on May 6, 2013 by posting notice on the exterior of the main entry door of the premises.

16. The Notice to vacate by Plaintiff stated that Defendant must vacate by July 6, 2013.

17. Notice of lease violation was also given by Plaintiff on May 6, 2013 alleging the Defendant changed the lock on his apartment.

18. Defendant posted a notice on the outside of his door that stated the Defendant wanted to be notified prior to management entering his apartment. The language on this notice was taken directly from the lease Defendant had with Plaintiff.

19. Eviction complaint filed by Plaintiff states that the notice was posted by, "affixing the notice to the inside of the main entry door of the premises."

20. Notice of lease violations was given by Plaintiff on May 15, 2013 for, "5/8/2013 Behaving in a loud, threatening & hostile manner towards management. Disrupting the residents comfort with your loud behavior. Disrupting our business operations regarding completing work orders, requested by the housing authority, due to not allowing access to your apartment."

21. Plaintiff brought suit in Brazos County Justice of the Peace Court Pct. 3 seeking eviction of the Defendant by complaint signed on July 9, 2013. Bench trial was held on July 31, 2013 with judgment in favor of the Plaintiff. Defendant filed written Notice of Appeal on August 5, 2013 and the appeal was filed in County Court at Law #1.

22. A second suit was filed by the Plaintiff against the Defendant in Brazos County Justice of the Peace Court Pct. 3 on September 19, 2013 seeking eviction for non-payment of rent.

23. This Court conducted the trial on the merits for both eviction appeals on December 13, 2013. The Plaintiff called Kamisha Ross, the property manager to testify. The Defendant called four current and former tenants as well as the Defendant to testify.

24. The Plaintiff testified that several current and former tenants could testify regarding the Defendant's behavior that is complained about in the Notice for Lease violation dated May 15, 2013. The testimony of the current and former tenants did not corroborate the testimony of the Plaintiff, and in fact, contradicted the Plaintiff's testimony.

25. The Defendant did not change the lock on the apartment door.

26. Defendant never denied Plaintiff or housing authority representatives entry into his apartment.

27. The Defendant and his witnesses testified that the Defendant is seen as a problem to management because he speaks up for his rights and assists other tenants in speaking up for his or her rights.

28. Defendant and his witnesses testified that the current manager has been a problem.

29. All of the Defendant's witnesses who were current tenants were in fear of retaliation by Plaintiff for testifying on Defendant's behalf.

30. Ms. Cameron, one of Defendant's witnesses, was given notice to vacate her apartment at Terrace Pines the same day she spoke to a housing inspector and gave him photographs regarding issues at the apartment complex.

31. This court found in favor of the Defendant.

32. The Findings of Facts and Conclusions of Law in Cause No. 4995-B are hereby incorporated for all purposes.

## CONCLUSIONS OF LAW

1. The unit leased by the Defendant is a Federal Tax Credit Housing Unit and therefore the addendum entitled Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs is applicable in this case.

2. Notice was never properly given to the Defendant to vacate the apartment he leased, pursuant to paragraph 32 of the lease.

3. Good cause did not exist for non-renewal of the lease pursuant to the addendum.

4. Good cause did not exist for eviction pursuant to the addendum.

5. Mr. Laird complained to a governmental entity responsible for enforcing building or housing codes, a public utility and claimed a building or housing code violation or utility problem; and he believed in good faith that the complaint was valid and that the violation or problem occurred.

Cause No. 4999-B

COLLEGE STATION TERRACE
PINES APARTMENT
*Plaintiff*

v.

DANNY LAIRD
*Defendant*



§
§
§
§
§
§
§
§
§

AT LAW NO. 1

BRAZOS COUNTY, TEXAS

---

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

On December 13, 2013, the Court signed a final judgment in favor of Defendant Danny Laird. The Court makes the following findings of fact and conclusions of law in response to the timely request of Plaintiff College Station Terrace Pine Apartments.

## FINDINGS OF FACT

1. College Station Terrace Pine Apartments is the owner of property located at 819 Krenek Tap, College Station, Texas 77840, Unit #1803. Kemisha Ross is the Plaintiff's representative.

2. Plaintiff and Defendant entered into a Lease Agreement for property located at 819 Krenek Tap, College Station, Texas 77840, Unit #1803 began June 1, 2012 and expired May 31, 2013.

3. Defendant is the sole occupant of Unit #1803.

4. Defendant receives government assistance for his rent payment through HUD Housing Assistance Program.

5. Brazos Valley Council of Governments is the local governmental agency that is responsible for implementing the HUD Housing Assistance Program for the Defendant.

6. The lease contained an addendum entitled *Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs.*

7. Paragraph 6 of the *Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs* states,

49

"TERMINATION OR NON-RENEWAL OF LEASE CONTRACT FOR HOUSING TAX CREDIT AND HOME PROGRAM UNITS. For rental properties participating in Housing Tax Credit program, IRS Revenue Ruling 2004-82 provides that a property owner may not evict a resident or terminate a tenancy except for good cause. For rental properties participating in the HOME program, federal regulation 24 CFR 92.253 provides that a property owner may not evict a resident or refuse to renew a Lease Contract except for good cause. In addition, under HOME program rules the property owner must provide a resident with at least 30 days written notice before either seeking an eviction or not renewing a Lease Contract. If challenged by resident, a court may determine if a property owner has good cause to evict, terminate a tenancy or not renew the Lease Contract. Some examples of good cause include serious or repeated Lease Contract violations or breaking the law. This paragraph shall apply only to residents living in a dwelling covered by either the Housing Tax Credit program or the HOME program. This paragraph also overrides any contrary provisions contained in paragraph 32 or 37 of the Lease Contract."

8. Paragraph 32 of the Lease states,

> "Eviction. *If you default or holdover, we may end your right of occupancy by giving you a 24-hour written notice to vacate.* Notice may be by: (1) regular mail; (2) certified mail, return receipt requested; (3) personal delivery to any resident; (4) personal delivery at the apartment to any occupant over 16 years old; or (5) affixing the notice to the inside of the apartment's main entry door."

9. Defendant and Terrace Pines were notified on March 29, 2013 by Brazos Valley Council of Governments that Defendant's apartment did not meet the HUD Housing Quality Standards due to the toilet running continuously. Re-inspection was scheduled for April 17, 2013.

10. Defendant and Terrace Pines were notified on April 19, 2013 by Brazos Valley Council of Governments, that Defendant's apartment did not meet HUD Housing Quality Standards due to the toilet running continuously. Terrace Pines was given notification that federal funding would be withheld until the toilet was fixed and passed inspection.

11. Defendant and Terrace Pines were notified on April 30, 2013 by Brazos Valley Council of Governments, that Defendant's apartment did not meet HUD Housing Quality Standards due to the toilet running continuously.

12. Mr. Laird sent letters to Plaintiff and Brazos Valley Council of Governments dated May 10, 2013 and May 17, 2013 regarding ongoing issues with maintenance and management at Terrace Pines Apartments.

13. It was Terrace Pines' responsibility to fix the toilet in Mr. Laird's apartment.

14. Defendant's apartment did not pass inspection for HUD Housing Quality Standards until June 6, 2013.

15. Notice to vacate due to non-payment of rent was given to the Defendant on September 13, 2013 by posting notice on the exterior of the main entry door of the premises.

16. The Notice to vacate stated that Defendant must vacate by midnight, September 16, 2013.

17. Amended Eviction petition filed by Plaintiff on September 20, 2013 states that the notice was posted by, "affixing the notice to the inside of the main entry door of the premises."

18. Defendant had a notice posted on the outside of his door that stated the Defendant wanted to be notified prior to management entering his apartment. This language was taken directly from the lease Defendant had with Plaintiff.

19. This eviction petition was filed while the first eviction proceeding was on appeal and waiting to be heard in County Court at Law #1.

20. Bench trial was held on Plaintiff's second eviction complaint in Brazos County Justice Court, Pct. 3 on October 9, 2013 with judgment in favor of the Plaintiff. Defendant filed written Notice of Appeal on October 14, 2013 and the appeal was filed in County Court at Law #1.

21. The Findings of Facts and Conclusions of Law in Cause No. 4995-B are hereby incorporated for all purposes.

22. This court conducted the trial on the merits on both eviction appeals on December 13, 2013. The Plaintiff called Kamisha Ross, the property manager to testify. The Defendant called himself and four current or former tenants to testify.

23. The Defendant and his witnesses testified that the Defendant is seen as a problem to management because he speaks up for his rights and assists other tenants in speaking up for his or her rights.

24. Defendant and his witnesses testified that the current manager has been a problem.

25. All of the Defendant's witnesses who were current tenants were in fear of retaliation by Plaintiff for testifying on Defendant's behalf.

51

26. Ms. Cameron, one of Defendant's witnesses, was given notice to vacate her apartment at Terrace Pines the same day she spoke to a housing inspector and gave him photographs regarding issues at the apartment complex.

27. Defendant and Plaintiff were notified prior to July 2013 by the Brazos Valley Council of Governments that if Terrace Pines renewed the lease with Mr. Laird, government assistance would continue to pay the remainder of Mr. Laird's rent.

28. The governmental assistance program issues vouchers to a specific apartment complex for the portion of the rent the government is paying.

29. Due to Plaintiff's notice of non-renewal dated May 6, 2013, the government vouchers were terminated to Terrace Pines for partial payment of Mr. Laird's rent.

30. Pursuant to Mr. Laird's government assistance, Mr. Laird's usual rent to Terrace Pines was $259 and the remainder of the rent was paid by voucher through governmental assistance.

31. The Plaintiff testified that Defendant partially paid rent for July in the amount of $259, and no rent had been received since that payment.

32. Plaintiff testified that she refused to take Defendant's August rent and told the Defendant to contact Plaintiff's attorney's office regarding rent payment.

33. Defendant testified that he did contact Plaintiff's attorney's office regarding payment of rent and was told that the attorney would get back to Defendant. Plaintiff's attorney's office never contacted the Defendant.

34. Defendant attempted to pay money for rent into the registry of the court in the Brazos County Clerk's office on October 5, 2013. The money was not taken by the Clerk's office since there was no court order in place to accept the money.

35. Defendant paid the full rent payment for October, November and December 2013 into the registry of the court in the Brazos County Clerk's Office once the appeal was received from the justice court.

36. On August 13, 2013 the Justice Court entered an order entitled *HEARING ON DEFENDANT'S AFFIDAVIT OF INABILITY TO PAY COSTS*. The order states, "The Court is of the opinion that Defendant's Affidavit of Inability to Pay Costs should be approved and that the rental payment should be waived in this case."

52

37. This Court found in favor of the Defendant.

## CONCLUSIONS OF LAW

1. The unit leased by the Defendant is a Federal Tax Credit Housing Unit and therefore the addendum entitled Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs is applicable in this case.

2. Notice was never properly given to the Defendant to vacate the apartment he leased, pursuant to paragraph 32 of the lease.

3. Good cause did not exist for non-renewal of the lease pursuant to the addendum.

4. Good cause did not exist for Defendant's eviction pursuant to the addendum.

5. Mr. Laird complained to a governmental entity responsible for enforcing building or housing codes, a public utility and claimed a building or housing code violation or utility problem; and he believed in good faith that the complaint was valid and that the violation or problem occurred.

6. Mr. Laird did not violate the terms of the lease.

7. Mr. Laird was subject to retaliation under Section 92.331 of the Texas Property Code.

8. Mr. Laird was entitled to have his lease renewed for a like term pursuant to the addendum.

9. Mr. Laird is entitled to one month's rent, a $500 penalty and his attorney fees.

Signed on the 28th day of March, 2014.

Hon. Amanda Matzke,
Judge Presiding

§ 92.331. [Effective Until 1/1/2014] Retaliation By Landlord.

**Texas Statutes**

**Property Code**

**Title 8. Landlord And Tenant**

**Chapter 92. Residential Tenancies**

**Subchapter H. Retaliation**

*Current through the 2013 Regular and Special Sessions*

**§ 92.331. [Effective Until 1/1/2014] Retaliation By Landlord**

(a)     A landlord may not retaliate against a tenant by taking an action described by Subsection (b) because the tenant:

    (1)     in good faith exercises or attempts to exercise against a landlord a right or remedy granted to the tenant by lease, municipal ordinance, or federal or state statute;

    (2)     gives a landlord a notice to repair or exercise a remedy under this chapter; or

    (3)     complains to a governmental entity responsible for enforcing building or housing codes, a public utility, or a civic or nonprofit agency, and the tenant:

        (A)     claims a building or housing code violation or utility problem; and

        (B)     believes in good faith that the complaint is valid and that the violation or problem occurred.

(b)     A landlord may not, within six months after the date of the tenant's action under Subsection (a), retaliate against the tenant by:

    (1)     filing an eviction proceeding, except for the grounds stated by Section 92.332;

    (2)     depriving the tenant of the use of the premises, except for reasons authorized by law;

    (3)     decreasing services to the tenant;

    (4)     increasing the tenant's rent or terminating the tenant's lease; or

    (5)     engaging, in bad faith, in a course of conduct that materially interferes with the tenant's rights under the tenant's lease.

**Cite as Tex. Prop. Code § 92.331**

**History.** 1993, 73rd Leg., ch. 48, Sec. 16, eff. Sept. 1, 1993. Redesignated from Property Code Sec. 92.057(a) and amended by Acts 1995, 74th Leg., ch. 869, Sec. 5, eff. Jan. 1, 1996.

Amended by Acts 1989, 71st Leg., ch. 650, Sec. 9, eff. Aug. 28, 1989

Acts 1983, 68th Leg., p. 3637, ch. 576, Sec. 1, eff. Jan. 1, 1984.

**Note:** *This section is set out twice. See also Tex. Prop. Code § 92.331 , as amended by Acts 2013, 83rd Leg. - Regular Session, ch. 588, Sec. 2, eff. 1/1/2014.*